## (September 12, 1983)

■ In the Matter of JAMES C. ROSS, Respondent-Appellant, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of Albany County, et al., Appellants-Respondents, and THOMAS J. McCORD, Intervenor-Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered September 12, 1983 in Albany County, which denied petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the certificate to fill a vacancy naming petitioner as a Republican Party candidate for the office of Albany County Legislator, 35th Legislative District, in the September 13, 1983 primary election, and directed that an opportunity to ballot be provided Republican Party voters on primary day. In view of the facts of this case, in which the board of elections ruled invalid an untimely filed certificate to fill a vacancy which resulted from the death of a candidate who had timely filed a valid designating petition, we find no reason to disturb Special Term's decision to afford Republican voters an opportunity to ballot at the primary election (see *Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614). Such relief was properly granted where, as here, there has been the "intention * * * manifested to nominate some candidate" in a timely manner by the political party involved (*Matter of Hunting v Power,* 20 NY2d 680, 681). However, in view of the obvious time constraints involved in this case, the statutory requirement of balloting by machine is excused and the opportunity to ballot shall be conducted on proper paper ballots approved by the board of elections. Judgment modified, on the law and the facts, by adding thereto a provision directing that the opportunity to ballot at the Republican Party primary in the

35th Legislative District be done on proper paper ballots approved by the board of elections, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey and Levine, JJ., concur.

Weiss, J., dissents in the following memorandum. Weiss, J. (dissenting). In my view, that portion of Special Term's judgment which directed that an opportunity to ballot be provided Republican Party voters on primary day must be reversed. Unlike the situation in *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614), wherein the board of elections was requested by a timely letter of the Ulster County Democratic Party chairman to provide the voters in his party an opportunity to ballot at the primary election, no such request, however informal, was directed to the board of elections in this case. Absent such a request, Special Term had no discretion to fashion this remedy. I find *Matter of Frome v Board of Elections of Nassau County* (57 NY2d 741) to be clearly distinguishable from *Matter of Brown,* in that Special Term had not exercised its power to fashion a remedy in *Matter of Frome.* I do not read *Matter of Frome* as authority for the principle that an application for opportunity to ballot may be made for the first time at Special Term.